UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES BRANCH,
                Plaintiff,

v.                                                                                          No. 06-CV-934
                                                                                            (LEK/DRH)
GARY GREENE, Superintendent; B.
REDMAND, Facility Health Service
Director; LESTER N. WRIGHT, Health
Service Administrator; and P. BUNDRICK,
Nurse Administrator

                Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

JAMES BRANCH
Plaintiff Pro Se
04-B-0908
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011

HON. ANDREW M. CUOMO                                JEFFREY M. DVORIN, ESQ.
Attorney General for the                            Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se James Branch ("Branch"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that four DOCS employees violated his constitutional rights under the First Amendment. Am. Compl. (Docket No. 14). Presently pending are defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket Nos. 28, 34[2]. Branch opposes the motions. Docket No. 51. For the following reasons, it is recommended that defendants' motions be granted unless Branch files a second amended complaint within thrity days of the date of the district court's decision herein.

## I. Background

The facts are related herein in the light most favorable to Branch as the non-moving party. See subsection II(A) infra.

During his confinement at Great Meadow Correctional Facility, Branch objected to submitting to a tuberculosis ("TB") test because his Muslim beliefs prohibit "ingesting foreign substance [sic] into the body . . . ." Am. Compl. at 2, 3. In light of his refusal, Branch suggested alternative methods for defendants to test for TB without subjecting him to the PPD test. Id. at 2. Despite Branch's suggestions, he was placed in medical keeplock[3] on a TB hold. Id. This action followed.

---

[2] Defendants submit two motions to dismiss because Branch did not serve defendant Bundrick at the same time as the other three defendants. However, defendants base their motions to dismiss on the same ground and the motions will, therefore, be considered jointly herein.

[3] "Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities." Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (2007).

## II. Discussion

In his complaint, Branch alleges that defendants interfered with his First Amendment right to freely practice religion when he was placed in medical keeplock for his refusal to submit to a PPD test. Defendants move to dismiss the amended complaint on the ground that Branch has not alleged the personal involvement of any of the named defendants.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, "a 'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Gilfus v. Adessa, No. 5:04-CV-1368 (HGM/DEP), 2006 WL 2827132, at *3 (N.D.N.Y. 2006) (citing De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996) (internal quotations omitted)). Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

3

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted).

### B. Personal Involvement

Defendants contend that Branch has failed to establish their personal involvement. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

4

Despite Branch's submission of an amended complaint, he has failed to allege how defendants Wright, Redmand, and Bundrick were personally involved in his alleged deprivation of religious freedom. Branch uses generalized and conclusory statements accusing all defendants of depriving him of his First Amendment rights and placing him in keeplock. However, he "fails to allege any [specific] acts on [their] part . . . which purport[] to show that these defendants were personally involved in any alleged constitutional violation." Delisser v. Goord, No. 02-CV-73 (FJS/GLS), 2003 WL 133271, at *8 (N.D.N.Y. Jan. 15, 2003) (dismissing 42 U.S.C. § 1983 action, complaining about a TB hold allegedly in violation of plaintiff's First Amendment rights because plaintiff did not articulate each defendant's personal involvement in the case). Thus, Branch has not alleged any facts sufficient to support the personal involvement of defendants Wright, Redmand, or Bundrick.

Branch briefly mentions that defendant Greene's personal involvement derived from his "legal[] responsib[ility] for the overall operation of the department at Great Meadow where [Branch] was confined and the welfare of all inmates of that prison." Am. Compl. at 2. However, Greene cannot be deemed personally involved solely because he holds a position of authority at the prison. Thus these conclusory allegations, without more, are insufficient to allege the personal involvement of Greene.

However, "[w]here a motion to dismiss is made prior to any discovery or the filing of an answer, [a] court is loath to dismiss the complaint . . . ." Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Id. (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

As discussed <u>supra</u>, Branch fails to plead any defendant's personal involvement. However, the Second Circuit has cautioned that "when addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" <u>Thompson v. Carter</u>, 284 F.3d 411, 416 (2d Cir. 2002) (quoting <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)). Although Branch has amended his complaint once, it was not per a court order directing Branch to plead each named defendant's personal involvement with specificity. Thus, construing Branch's amended complaint liberally, if that complaint is properly amended, he may be able to state a First Amendment claim for the actions defendants' took after Branch declined the PPD test.

Therefore, because Branch's first amended complaint fails to allege sufficiently the personal involvement of any defendant in the alleged First Amendment violation, it is recommended that defendants' motion to dismiss be granted unless Branch files a second amended complaint within thirty days of the date of the filing of the district court's order on defendants' motions.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motions to dismiss (Docket Nos. 28, 34) be **GRANTED** unless Branch files a second amended complaint within thrity days of the date of the district court's decision on defendants' motions.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 25, 2008
       Albany, New York

*David R. Homer*
United States Magistrate Judge